SEAN P. ROSE, ESQ.
State Bar No. 5472
Sean@RoseLawNevada.com
ROSE LAW OFFICE
150 W. Huffaker Lane, Suite 101
Reno, NV  89511
Telephone:     (775) 824-8200
Facsimile:      (775) 657-8517

THOMAS R. BRENNAN, ESQ.
State Bar No. 481
Tom@RoseLawNevada.com
150 W. Huffaker Lane, Suite 101
Reno NV 89511
Telephone:     (775) 247-1998
Facsimile:      (775) 657-8517

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER SLOANE, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an insurance company; and DOES 1-25 and XYZ Corporations, inclusive, <br><br> Defendants. | Case No.  3:19-cv-00648-MMD-WGC <br><br> **STIPULATED MEMORANDUM** |

     The parties hereto, by and through their undersigned counsel, respectfully request the Court for an order extending the discovery deadlines set out in the Stipulated Discovery Plan and Scheduling Order (ECF 25) by six (6) months.

     The parties are cognizant of the Court's comments regarding further extensions and mean no disrespect by seeking this extension.

-1-

The parties have conducted a substantial amount of discovery to date. In particular, the parties have taken the in-person depositions of Heather Sloane (two full days), Linda Bucciachio, Ross Golding, M.D., Andrea Tatro, M.D. and Xavier Martinez, DC. Additionally, Steve Altman's deposition is currently scheduled for December 1, 2020. Plaintiff has requested deposition dates for several State Farm representatives. However, because of COVID and State Farm's travel restrictions, the depositions have not been scheduled. The State Farm witnesses are located in Seattle, Washington, which is now under new COVID shutdowns.

In addition, the parties have undertaken the following written discovery: Plaintiff Heather Sloane's First Set of Interrogatories to Defendant State Farm Mutual Automobile Insurance Company, Plaintiff Heather Sloane's First Request for Production of Documents, Defendant's First Request for Production of Documents to Plaintiff, Defendant's First Set of Interrogatories to Plaintiff, Defendant's Second Request for Production of Documents and numerous records subpoenas. Plaintiff has provided five (5) supplemental document and witness disclosures and Defendant has provided sixteen (16) supplements.

Due to COVID restrictions, State Farm Insurance, rightly so, has indicated that its representatives involved in the subject UIM claim cannot be deposed in person. Only remote depositions will be allowed. Certainly, the parties are familiar with Zoom. However, the depositions of the State Farm representatives do not lend themselves to being conducted remotely, as the depositions will likely involve a large number of exhibits, as this case is document intensive. Ms. Sloane's medical records comprise some 2,000 pages and State Farm's claims file is approximately 1,500 pages. It would be extremely difficult for both parties to do deal with these records over a television screen.

Neither the Plaintiff nor the Defendant will be prejudiced by the extension. In fact, it will ultimately be of assistance in the presentation of the case at trial. If the parties are required to proceed on the schedule, which has a discovery cutoff in March 2021, there is no indication that the case can go to trial in the foreseeable future. Additionally, the parties are in preliminary discussions regarding a possible mediation with the Honorable Carla Baldwin, the magistrate judge that is not assigned to this case.

This is an unprecedented time in our nation's history. Many states have enacted self-quarantine for visitors of up to fourteen (14) days. It is unknown until we take the first depositions of State Farm employees where other potential witnesses may reside. The requirements of the different states change regularly. Most reports indicate the travel restrictions will be lifted in the spring, thus allowing in-person depositions.

Counsel for both parties are cognizant of the Court's desire to move cases along but in this unique situation we ask the Court's indulgence. Counsel have been attentive to this case. We have met and discussed the case in person and on the telephone on multiple occasions. We have not been remiss in the Court's imposed discovery requirements.

For the reasons stated, we respectfully ask the Court to continue discovery deadlines in this matter for six (6) months from its current discovery cut-off of March 25, 2021.

**DATED** this __19th__ day of November, 2020.

| ROSE LAW OFFICE | MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRTH LLP |
|---|---|
| /s/ Sean Rose | /s/ Michael Pintar |
| SEAN P. ROSE, ESQ.<br>State Bar No. 5472<br>150 W. Huffaker Lane, #101<br>Reno, NV 89511<br>(775) 824-8200 | MICHAEL A. PINTAR, ESQ.<br>State Bar No. 3789<br>241 Ridge St., Ste. 300<br>Reno, NV 89501<br>(775) 333-0400 |
| In Association with:<br><br>THOMAS R. BRENNAN, ESQ.<br>State Bar No. 481<br>150 W. Huffaker Lane, #101<br>Reno NV 89511<br>(775) 247-1998<br><br>Attorneys for Plaintiffs | Attorney for Defendant |

### ORDER

There shall be no further extensions granted.

IT IS SO ORDERED.

DATED: November 24, 2020.

_____
UNITED STATES MAGISTRATE JUDGE